R3M LAW, LLP
437 Madison Avenue, 24th Floor
New York, NY 10022
646.453.7851
Howard P. Magaliff

*Attorneys for Howard P. Magaliff,*
*Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

In re:                                              :          Chapter 7
                                                    :
RACHEL WILLIAMS,                                    :          Case No. 25-22943 (SHL)
                                                    :
                                Debtor.             :
------------------------------------------------------------- x

**APPLICATION FOR ORDER AUTHORIZING THE CHAPTER 7 TRUSTEE
TO RETAIN VINAY AGARWAl, CPA, LLC, AS HIS ACCOUNTANTS**

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

Howard P. Magaliff, the chapter 7 trustee (the "Trustee") of the estate of the

above-named Debtor, by his attorneys R3M Law, LLP, submits this application for an order au-

thorizing the employment and retention of Vinay Agarwal, CPA, LLC ("VACPA") as his ac-

countants, and respectfully states:

**Background**

1.      The Debtor filed a voluntary petition for relief under chapter 11 of the

Bankruptcy Code on October 3, 2025 (the "Petition Date").

2.      This Application is submitted pursuant to §§ 327(a) and (d) of the Bank-

ruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy

Rule 2014-1 for an order authorizing the Trustee to retain VACPA.

**Relief Requested**

3.      VACPA is an accounting firm that maintains offices at 1205 Franklin Avenue, Suite 360, Garden City, NY 11530.  The Firm's professionals have extensive familiarity with the accounting practices relating to insolvency matters in bankruptcy courts located in many districts of the United States.  VACPA provides accounting and forensic services to many trustees in the Southern and Eastern Districts of New York in chapter 7 and chapter 11 cases, including the Trustee.

4.      The Trustee has determined that it is in the best interests of all creditors and the Debtor's estate to retain accountants to assist him in this chapter 7 case, and VACPA has agreed to be retained to assist the Trustee as described herein.  The Trustee desires to retain VACPA to provide such accounting services as VACPA and the Trustee deem necessary and beneficial to the Trustee, in the discharge of his responsibilities, and all creditors.  The services that the Trustee may request include but are not limited to:

(a)     Analyzing the financial history of the Debtor prior to the date of the filing of the petition, as the Trustee considers necessary;

(b)     Analyzing transactions with insiders, related and/or affiliated parties for a period dictated by the Trustee, and identify potential preferential transfers and fraudulent conveyances;

(c)     Identifying and preparing an analysis of all assets and liabilities, as the Trustee considers necessary;

(d)     Attending meetings and conferring with representatives of the Trustee and his counsel;

(e)     Providing supporting documentation and/or reports to substantiate alleged insider and preferential transfers and/or fraudulent conveyances and presenting findings in court, under oath, if necessary;

(f)     Preparing all federal, state and local tax returns as required;

(g)     Investigating the financial affairs of the Debtor and assisting the Trustee and counsel, if necessary in appropriate actions to recover assets and other contested matters, if any.

2

4856-3728-0606, v. 1

> (h)   Assisting the Trustee and counsel in litigating objections to claims if a purpose would be served; and
>
> (i)   Performing other necessary services that the Trustee may deem necessary in VACPA' role as accountants to assist the Trustee to fulfill his statutory and fiduciary duties.

5.   It is essential that the Trustee employ accountants to render the foregoing professional services to assist the Trustee with his duties and to handle the many issues that may arise in the context of this case.  The Trustee believes that VACPA is well qualified to serve in this chapter 7 case and that the retention of VACPA is in the best interests of the creditors.

6.   VACPA has informed the Trustee that it may have represented, from time to time, certain creditors of the Debtor or affiliates of such creditors on completely unrelated matters.  The Trustee has been assured that VACPA will not represent any other entity in connection with this chapter 7 case.

7.   Based upon the Affidavit of Vinay Agarwal, a partner of VACPA, annexed as **Exhibit 1**, to the best of the Trustee's knowledge, VACPA has and represents no interest adverse to the interests of the Trustee or the Debtor's estate and the Trustee believes that the employment of VACPA will be in the best interests of both the creditors and the Debtor's estate.

8.   VACPA has agreed to act as accountants for the Trustee and to be compensated at its customary rates for services rendered and for actual expenses incurred in connection therewith, all subject to approval of this Court in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and any orders of the Bankruptcy Court.  The current hourly rates of VACPA range from $500 to $700 for partners; $430 to $495 for managers and senior managers; and $310 to $425 for staff accountants and $195 to $305 for paraprofessionals.  VACPA will advise the Trustee, the United States Trustee and the Court in writing of any rate change during the course of this engagement.

3

VACPA will also seek reimbursement of the actual and necessary expenses, charges and disbursements that it incurs in connection with services provided to the Trustee in this case. VACPA will not share any fees it earns other than as permitted by section 504 of the Bankruptcy Code.

#### Notice

9.      Notice of this Application has been provided to the Office of the United States Trustee.

10.     No previous application has been made for the relief sought herein.

**WHEREFORE**, the Trustee respectfully requests (1) entry of an order authorizing the Trustee to employ and retain VACPA as his accountants under a general retainer, substantially in the form annexed as **Exhibit 2**; and (2) such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       February 10, 2026

R3M Law, LLP
Attorneys for the Trustee
By:

/s/ Howard P. Magaliff
HOWARD P. MAGALIFF
437 Madison Avenue, 24th Floor
New York, NY 10022
646.453.7851
*hmagaliff@r3mlaw.com*

4

**EXHIBIT 1**

**Vinay Agarwal, CPA, LLC**
1205 Franklin Ave., Ste 360
Garden City, New York 11530
(212) 230-2634

*Vinay Agarwal, CPA*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------
In Re:                                                    **Chapter 7**

**RACHEL WILLIAMS**                          **Case No.: 25-22943-SHL**

                           Debtor.
----------------------------------------------------------------

**STATE OF NEW YORK    }**
                       **}        ss:**
**COUNTY OF NASSAU      }**

<u>**AFFIDAVIT - RETENTION AS ACCOUNTANTS**</u>
<u>**FOR THE CHAPTER 7 TRUSTEE**</u>

VINAY AGARWAL, being duly sworn, deposes and says:

1.    I am a Certified Public Accountant, licensed under the laws of the State of New York, and am presently a member of the accounting firm of VINAY AGARWAL, CPA, LLC (the "Firm" or "VACPA"), Certified Public Accountants, maintaining offices at 1205 Franklin Ave., Ste 360, Garden City, New York 11530.

2.    No agreement or understanding exists between VACPA and any other person for a division of compensation to be received for services rendered in, or in connection with, the within Chapter 7 case, nor shall VACPA share or agree to share the compensation paid or allowed from the Debtor's estate for such services with any other person.

3.    As set forth more fully below, neither I, VACPA, any member of the Firm, nor any associate thereof, insofar as I have been able to ascertain, holds or represents any interest averse to the Trustee or the Debtor's estate. In reaching this conclusion, VACPA reviewed the Debtor's Petition, Schedules, Statement of Financial Affairs, and the claims register for the Debtor's case.

4.   Additionally, neither I, VACPA, any member of the Firm, nor any associate, to my knowledge:

   a.   is a relative of the Debtor;

   b.   is a partner in a partnership in which the Debtor is a general partner;

   c.   is a general partner of the Debtor, or an "insider" of the Debtor, as that term is defined in Section 101(31) of the Bankruptcy Code;

   d.   is or has been an investment banker for any security (outstanding or otherwise) of the Debtor, or an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the Debtor; or a director, officer, or employee of an investment banker for any security (outstanding or otherwise) of the Debtor;

   e.   presently represents a creditor of the Debtor, or person who is otherwise adverse or potentially adverse to the Debtor or the Debtor's estate, on any matter that is related to the Debtor or the Debtor's estate;

   f.   previously represented a creditor of the Debtor, or a person who is otherwise adverse or potentially adverse to the Debtor or the Debtor's estate, on any matter substantially related to the Debtor's Chapter 7 case;

   g.   except as set forth below, has any connection with the Debtor, the Trustee, the Office of the United States Trustee, or any employee of that office, Judge Sean H. Lane, or any member of his chambers, or any of the Debtor's creditors; or

   h.   has any other interest, direct or indirect, which may affect or be affected by proposed representation;

   i.   has provided accounting services to the Debtor.

5.   To the best of my knowledge and based upon a review of the information and documents presently available to me, my firm is a "disinterested" person as that term is defined in Section 101(14) of the United States Bankruptcy Code (the "Code").

6.   VACPA has represented, and continues to represent, Howard Magaliff, the chapter 7 trustee (the "Trustee"), as his accountant in Mr. Magaliff's capacity as chapter 7 or chapter 11 trustee in other, unrelated chapter 7 and chapter 11 cases filed in the United States Bankruptcy Courts of the Southern District of New York.  In each of those matters, VACPA has been retained to represent Mr. Magaliff, as trustee, pursuant to an order duly entered by the appropriate Bankruptcy Court pursuant to Section 327 of the Code, the

Federal Rules of Bankruptcy Procedure, any pertinent Local Bankruptcy Rules, and the applicable United States Trustee Guidelines.

7.  The Firm has extensive familiarity with the accounting practices relating to insolvency matters in the Bankruptcy Courts located in many districts of the United States.

8.  Based upon the Trustee's examination at the meeting conducted pursuant to § 341 of the United States Bankruptcy Code, a review of the Petition and Schedules, and a review of various documents thus far provided by the Debtor through their attorney it appears that, perhaps among other things, there needs to be an investigation of debtor's assets and fraudulent transfer of assets.

9.  The Firm has conferred with the Trustee and subject to the condition, quality and availability of the books and records of the within Debtor, VACPA proposes to render services, which include, but are not necessarily limited to, the following:

   a.  Analyze the financial history of the Debtor prior to the date of the Chapter 7 petition, as we consider necessary.

   b.  Identify and prepare an analysis of all assets and liabilities that the Chapter 7 Trustee considers necessary.

   c.  Attend meetings and confer with representatives of the Trustee and his counsel.

   d.  Analyze transactions with insiders, related and/or affiliated parties for a period(s) directed by the Trustee, and identify potential preferential transfers, fraudulent conveyances, and/or others potential actions.

   e.  Provide supporting documentation and/or reports to substantiate alleged insider and preferential transfers and/or fraudulent conveyances and present our findings in Court, under oath, if necessary.

   f.  Investigate the Debtor's ownership of assets, review the sale(s) of assets including real property, analyzing the financial affairs of the Debtor, and assist the Trustee and counsel, if necessary, in appropriate actions to recover assets and other contested matters, if any.

   g.  Assist the Trustee and counsel in litigating objections to claims if a purpose would be served; and

h.      Investigate the Debtor's ownership interests in business and entities, analyze the financial affairs of the business and entities, and assist the Trustee and counsel, if necessary, in appropriate actions to recover value of debtor's interest, if any.

i.      Prepare federal, state, and local tax returns.

j.      Perform other services that we may deem necessary as accountants to the Trustee.

10.     Your affiant respectfully requests that an order of retention under a general retainer be entered based on the following hourly rates, which are subject to yearly firm-wide adjustments, cognizant of the fact that any fees to be paid are subject to review by the Office of the United States Trustee, and subject to Court approval, upon proper application therefor:

| | |
|---|---|
| Partners | $500 to $700 per hour |
| Senior Managers and Managers | $430 to $495 per hour |
| Staff Accountants | $310 to $425 per hour |
| Paraprofessionals | $195 to $305 per hour |

11.     Prior to any increases in VACPA rates for any individual employed by VACPA and providing services in this case, VACPA shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtor, the United States Trustee and any official committee,  provided however, that the terms "increases in VACPA rates" and "rate increases" as used herein shall not include annual "step increases" historically awarded by VACPA in the ordinary course to accountants and para professionals throughout the firm due to advancing seniority and promotion.  The supplemental affidavit shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether VACPA client has consented to the rate increase.

-4-

WHEREFORE your affiant asks for the entry of the proposed order of employment.

/s/ Vinay Agarwal
VINAY AGARWAL

Sworn and subscribed to before me
on this 19th day of December 2025.
/s/ Kathyann Clarke
NOTARY PUBLIC
Kathyann Clarke
Notary Public-State of New York
No. 01CL6068060
Qualified in Kings County
Commission Expires December 24, 2025

**<u>EXHIBIT 2</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

In re:                                                  :          Chapter 7
                                                        :
RACHEL WILLIAMS,                                        :          Case No.  25-22943 (SHL)
                                                        :
                                    Debtor.             :

------------------------------------------------------------- x

## ORDER AUTHORIZING THE CHAPTER 7 TRUSTEE TO RETAIN VINAY AGARWAl, CPA, LLC, AS HIS ACCOUNTANTS

Upon the application dated February 10, 2026 (the "Application")[1] of Howard P. Magaliff, the chapter 7 trustee  (the "Trustee") of the above-named Debtor, for authority to retain Vinay Agarwal, CPA, LLC ( "VACPA") as his accountants in this chapter 7 case, pursuant to §§ 327(a) and (d) of the Bankruptcy Code, Rule 2014 of the Federal Rule of Bankruptcy Procedure and Local Bankruptcy Rule 2014-1; and upon the Affidavit of Vinay Agarwal, a partner of VACPA; and it appearing that VACPA is disinterested within the meaning of section 101(14) of the Bankruptcy Code and that VACPA does not represent any interest adverse to the Trustee or the Debtor's estate; and it appearing that sufficient notice of the Application has been given and that no further notice need be given; and the United States Trustee having no objection to the entry of this Order; after due deliberation, and sufficient cause appearing therefor; it is

**ORDERED** that the Application is granted as set forth herein; and it is further

**ORDERED** that, pursuant to 11 U.S.C. §§ 327(a) and (d) of the Bankruptcy Code, the Trustee is authorized to retain VACPA under a general retainer as his accountants in this chapter 7 case; and it is further

**ORDERED** that the compensation and reimbursement of expenses of VACPA shall be sought upon, and paid only upon an order granting, a proper application to §§ 330 and

---

[1]   Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

331 of the Bankruptcy Code, as the case may be, and the applicable Bankruptcy Rules, Local and fee and expense guidelines and Orders of this Court; and it is further

**ORDERED** that VACPA shall advise the Trustee, the United States Trustee and the Court in writing of any rate change during the course of this engagement; and it is further

**ORDERED** that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

**ORDERED** that if there is any inconsistency between the terms of this Order, the Application, and the supporting Affidavit, the terms of this Order shall govern.

Dated:   White Plains, New York
_____, 2026

_____

Sean H. Lane
United States Bankruptcy Judge

**NO OBJECTION:**
William K. Harrington
United States Trustee
By:

/s/ Paul Schwartzberg_____
Paul Schwartzberg, Trial Attorney
Dated: February 10, 2026

2

4856-3728-0606, v. 1